IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 13 |
| DUANE ARNOLD, ) | |
| KATHRYN ARNOLD, ) | Bankruptcy No. 09-03456 |
| ) | |
| Debtors. ) | |

**ORDER RE MOTION TO ALLOW CLAIMS AND OBJECTION THERETO**

This matter came before the undersigned on Creditor State Central Bank's Motion to File a Late Claim and Debtors Duane and Kathryn Arnold's Objection to same. This Court held an evidentiary hearing on May 18, 2010. Attorney Jon McCright appeared for Creditor State Central Bank. Attorney Janet Hong appeared for Debtors Duane and Kathryn Arnold. After the hearing, the parties submitted briefs with additional argument. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

**STATEMENT OF THE CASE**

Creditor State Central Bank (the Bank) asks the court to allow its late-filed Proof of Claim. The Bank argues it did not receive proper notice of Debtors' bankruptcy filing. The Bank contends that in spite of a mailing matrix showing mailings of notice of the bankruptcy filing to the Bank's address and to counsel for the Bank in a related state court case, the Bank did not receive proper notice and/or the notice was not effective. Debtors argue the Bank has failed to prove a proper basis to file this late claim. The Court concludes the Bank failed to prove that it did not receive notice. The Motion to file a late claim is denied.

**FINDINGS OF FACT**

On July 17, 2006, Duane and Kathryn Arnold signed a promissory note with State Central Bank of Keokuk, Iowa. Debtors later defaulted on the loan, and the Bank filed Suit in the Iowa District Court for Linn County on November 24, 2008. Attorney Jon M. McCright of Cedar Rapids, Iowa represented the Bank in the state court case.

Debtors filed their Chapter 13 bankruptcy case on November 30, 2009, before the Bank could obtain a judgment in the state court proceeding. There is no dispute the deadline for filing a Proof of Claim was March 22, 2010. On April 28, over five weeks after the deadline passed, the Bank filed a Motion to File a late Proof of Claim. Debtors filed a timely objection to this Motion.

At the hearing, the parties submitted exhibits, testimony, and uncontroverted statements of counsel. The exhibits consisted largely of the mailing matrix accompanying Debtors' Chapter 13 filing and related documents. The mailing matrix lists State Central Bank at its address, 601 Main Street in Keokuk, Iowa. The matrix also twice lists the Bank's attorney in the state court case, Jon M. McCright -- "Suite 1010 – The Center, 425 2nd Street SE" and "425 2nd St SE #1010," both in Cedar Rapids. The Bankruptcy Noticing Center's Certificate of Notice filed December 4, 2009 states that State Central Bank (601 Main St., Keokuk, IA 52632-5458) and Jon McCright (425 2nd St. SE #1010, Cedar Rapids, IA 52401-1818) were noticed by first class mail on December 4, 2009.

The Bank presented the testimony of Roger Hoffman, the former Senior Vice President of the Bank. At the hearing, Mr. Hoffman testified regarding what he understood to be the Bank's procedure for handling incoming bankruptcy petitions. In keeping with that procedure, he testified that to his knowledge, the Bank did not receive notice. Mr. Hoffman admitted he had no

personal knowledge about whether the Bank received notice of the bankruptcy filing at its office in Keokuk. He did not review the Bank's file and no evidence was offered that the Bank's file was ever reviewed – let alone whether it contained the notice of bankruptcy filing. Mr. Hoffman did state (without objection) that the Bank's Vice President in charge of administrative functions told him that the Bank was never told of the need to file a claim in the Arnolds' Chapter 13 bankruptcy case. However, no comment – hearsay or otherwise – was offered on whether the Bank actually received notice of the Chapter 13 bankruptcy filing at its office in Keokuk.

## CONCLUSIONS OF LAW

In order for its claim against the bankruptcy estate to be allowed, a creditor must first file a proof of claim. Fed. R. Bankr. P. 3002(a). Ordinarily, a creditor has until 90 days after the first date set for the section 341 meeting of creditors to file a proof of claim. Fed. R. Bankr. P. 3002(c). The Notice of Chapter 13 Bankruptcy Case sent out by the Clerk of Bankruptcy Court lists the date of the first meeting of creditors along with the deadline to file a proof of claim. The Bank claims it did not get the notice of the bankruptcy filing (and thus notice of first meeting of creditors) and had no legally sufficient notice until after the period for filing its claim had passed. The Bank specifically argues it did not receive notice of the bankruptcy filing even though the mailing matrix and the Clerk of Court mailing shows notice was mailed to the Bank.

**A.    Insufficient Notice by Mailing**

In all cases, notice must be reasonably calculated to inform creditors of the pendency of the bankruptcy case and afford them an opportunity to file claims. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). Courts look at the totality of the circumstances in

3

determining whether notice was reasonable. In re Harbaugh, No. 02-04484, 2003 Bankr. LEXIS 423, *6 (Bankr. N.D. Iowa 2003) (citing In re O'Shaughnessy, 252 B.R. 722, 730 (Bankr. N.D. Ill. 2000)).

Federal Rule of Bankruptcy Procedure 9006(e) provides that service of notice by mail is complete upon mailing. Courts have read this rule in combination with the common law doctrine that recognizes a rebuttable presumption that a properly-mailed item is received by the addressee. Davis v. U.S. Bancorp, 383 F.3d 761, 766 (8th Cir. 2004). See Hagner v. United States, 285 U.S. 427, 430 (1932). "The fact that a creditor's name and address were properly listed on the matrix of creditors which the Clerk of the Bankruptcy Court uses to mail notices of the debtors' filing is sufficient to raise the presumption that the creditor received such notice." In re Lint, No. 96-12137, slip op. at 4 (Bankr. N.D. Iowa Apr. 4, 1997) (citing In re Longardner, 855 F.2d 455, 460 (7th Cir. 1988)). This presumption is strong and not easily rebutted. Id. The majority view provides that a denial of receipt by the addresses, standing alone, is insufficient to rebut the presumption of receipt. Longardner, 855 F.2d at 459 ("[A party's] denial of receipt alone does not rebut the presumption, but merely creates a question of fact.").

The Bank argues that it has submitted sufficient proof to overcome this strong presumption. The Bank offered the testimony of Mr. Hoffman and cites to Currell v. Taylor (In re Taylor), Bankr. No. 87-01182C (Bankr. N.D. Iowa, July 22, 1988). In Taylor, the Court noted:

> This Court concludes that the better reasoned approach is that advanced by [] In re Dodd, the party alleging non-receipt of notice introduced specific testimony about the company's regular procedures for handling a notice of bankruptcy. . . . The Court concurs with the Dodd court's statement that evidence which indicates the procedure which the objecting party engages when receiving mail, particularly a bankruptcy notice, **coupled with the**

4

> **testimony of the officers that the complaint was not received** would be sufficient to overcome the presumption of receipt created under Fed. R. Evid. 301.

Id. at 4 (emphasis added).   The Bank argues that the testimony of Mr. Hoffman about the Bank's internal procedures satisfied the test.

The fatal flaw in the Bank's argument is that it failed to present "testimony of the officers [of the Bank] that the [document] was not received . . . sufficient to overcome the presumption of receipt . . . .." Id. at *4.   The Bank offered only testimony from Mr. Hoffman, a former Bank officer who had left the Bank's employment before the times relevant to this case (though he continued to handle Debtors' case for the Bank).   Neither Mr. Hoffman's testimony nor the Bank's documentary evidence demonstrates the Bank did not receive the mailing.   Mr. Hoffman stated that, as far as he knew, the Bank did not receive the mailing.   However, he admitted that he had no personal knowledge about whether the Bank had or had not actually received the mailing at its Keokuk address.   While Mr. Hoffman outlined what he understood to be the Bank's normal procedures for receiving notices and handling bankruptcy files, that evidence alone, without supporting testimony the Bank had searched its files in Keokuk and located no notice, is ineffective as a matter of law.   At a minimum, to the extent Mr. Hoffman's testimony attempted to suggest the Bank did not receive notice, the Court rejects it as lacking in credibility and foundation.

Because the Court concludes that the Bank received notice by mail, it need not address Debtors' argument that the notice of filing provided to counsel for the Bank was notice to the Bank in this case.

5

**B.      Excusable Neglect**

In its Motion to File a Late Claim, the Bank originally argued its delay in filing a Proof of Claim was a matter of "excusable neglect."   While Rule 9006(b)(1) generally allows "excusable neglect" to be considered as a basis for extending time period after they expired, Rule 9006(b)(3) specifically restricts the Court's ability to enlarge filing times in cases like this addressing time for filing claims under Rule 3002.   As this Court has previously held, the Court's discretion to allow late filing of a claim is limited by Rule 9006(b)(3) to the specific exceptions articulated in Bankruptcy Rule 3002(c)(1)-(6).   In re Heyer, No. 09-01518, slip op. at 1 (Bankr. N.D. Iowa Oct. 20, 2009).   "Excusable neglect" does not appear in the list of exceptions found in Rule 3002(c)(1)(6), and therefore "excusable neglect" is not a basis for allowance of late-filed claims in Chapter 13 cases.   Id. (citing In re McLaughlin, 157 B.R. 873, 876 (Bankr. N.D. Iowa 1993)).  While the Bank did not offer evidence on or argument about "excusable neglect" at the hearing or in subsequent briefing, it raised the argument in its motion and it is unclear to the Court whether the Bank still relies on the argument.   To the extent the Bank continues to rely on "excusable neglect" to allow the late-filed claim, the Court rejects that argument as being at odds with existing authorities.

**CONCLUSION**

Debtors' inclusion of the Bank on their Chapter 13 mailing matrix raised the presumption that the Bank received notice of the bankruptcy.   The Bank failed to rebut the presumption.   The testimony and exhibits offered by the Bank were insufficient to rebut the presumption and failed to establish that the Bank in fact did not receive notice of the bankruptcy filing at its office in

Keokuk.   Thus, the Court concludes that the Bank received notice of the bankruptcy and meeting of creditors and there is no legal or equitable basis for extending the claims filing deadline.

**WHEREFORE,** State Central Bank's Motion to Allow Claims is DENIED.

Dated and Entered:

July 22, 2010.

THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE